UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SALLY BLAIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00456-JAW |
| | ) | |
| DYLON MILLS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION
TO DEEM SERVICE COMPLETED**

Plaintiff asks the Court to find that her efforts to serve Defendant Mary Kenneth Tarr with the complaint and summons are sufficient. (Motion, ECF No. 35.) Alternatively, Plaintiff seeks leave to serve Defendant Tarr by alternate means. Following a review of the record and after consideration of the relevant issues, the Court denies the motion.

### BACKGROUND

The record reflects the following:

1. On March 11, 2025, "We Serve Maine" attempted to serve Defendant Tarr at an Old Orchard Beach, Maine address. The person residing at the address stated that he did not know Defendant Tarr. The summons was returned unserved with a notation, "subject not known at this address." (Affidavit of Joseph Orlando at 2, Ex. B, ECF No. 27.)

2. Plaintiff subsequently obtained another potential address for Defendant Tarr in Massachusetts. On April 22, 2025, the complaint and summons were forwarded

to the Sheriff's Department in Essex County, Massachusetts for service. The summons was returned unserved. The Deputy Sheriff noted that Defendant Tarr could not be found in the county and there was no house at the address. (*Id*. at 2, Ex. C.)

## DISCUSSION

Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." M.R. Civ. P. 4(g)(1). The Advisory Committee Note that accompanied the 2010 Amendment to that rule states in part: "Before a party can obtain an order allowing service by any alternate means, that party must first demonstrate that he or she has exhausted all reasonable attempts to make service in one of the other ways prescribed by Rule 4 (or by applicable statute) that are designed to provide actual notice of the action to the party to be served." M.R. Civ. P. 4 Advisory Committee Note, 2010 Amendment.

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of

abode, by publication unless a statute provides another method of notice, or by electronic means or any other means not prohibited by law. M.R. Civ. P. 4(g)(1) A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

*Id.*

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 964 A.2d 621, 627 (Me. 2009). The record lacks any evidence from which the Court could conclude that Plaintiff's efforts to date can be deemed to have served Defendant Tarr or otherwise to have provided her with notice of this action. Defendant Tarr was not found at either of the locations at which Plaintiff attempted to serve her, and there is no evidence to suggest that she resides at either location.

On this record, the Court also cannot find that Plaintiff has demonstrated due diligence in her attempts to serve Defendant Tarr personally. Plaintiff made two attempts to serve Defendant Tarr at two different locations. The record contains little information as to why Defendant Tarr was believed to have resided at the Massachusetts address, where

the Deputy Sheriff found no house. Plaintiff has also provided no information regarding any attempts to locate her more recently—the most recent documented attempt was approximately four months before Plaintiff filed this motion. In the Court's view, Plaintiff has not "exhausted all reasonable attempts to make service in one of the other ways prescribed by Rule 4 (or by applicable statute) that are designed to provide actual notice of the action to the party to be served." M.R. Civ. P. 4 Advisory Committee Note, 2010 Amendment.[1]

## CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's request to find that Defendant Tarr has been served with the complaint and summons. The Court also denies without prejudice Plaintiff's request for alternate service.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of November, 2025.

---

[1] Plaintiff has also not proposed an alternate means of service that would be reasonably designed to notify Defendant Tarr of this action.