UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SALLY BLAIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00456-JAW |
| | ) | |
| DYLON MILLS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

Because Plaintiff had not filed proof of service upon Defendant Mary Kenneth Tarr, the Court ordered Plaintiff to show cause by September 5, 2025, as to why service had not been made timely. (Order to Show Cause, ECF No. 32.) In response to the order, on September 5, 2025, Plaintiff filed a motion asking the Court to deem that service had been made. (Motion, ECF No. 35.) On November 19, 2025, the Court denied the motion and established January 20, 2026, as a new date by which Plaintiff was required to complete service of process. (Order, ECF No. 36.) When Plaintiff failed to file proof of service as directed, on January 26, 2026, the Court ordered Plaintiff to show cause by February 9, 2026, as to why service has not been made. (Order to Show Cause, ECF No. 38.) In response to the show cause order, Plaintiff asks the Court to deem her efforts to date as sufficient service. (Response to Order to Show Cause, ECF No. 39.)

In her response, Plaintiff asserts that in addition to the service attempts identified in her prior motion, on September 9, 2025, in a related Massachusetts state court case, Plaintiff mailed a notice of hearing to Defendant Tarr at four different Maine addresses.

Notably, Plaintiff reports no further efforts to locate Defendant Tarr after the Court denied the prior motion regarding service. The record reflects that Plaintiff's last attempts to locate and serve Defendant Tarr through a sheriff or outside agency were in March and April of 2025. Plaintiff's mailing to Defendant Tarr of a notice of hearing in a state court case cannot reasonably be construed as an attempt to locate and serve Defendant Tarr in this matter.

Plaintiff contends that service should be deemed complete because a copy of the complaint and summons was left at her "last and usual address of 4 White Pine Avenue, Apt. A, Old Orchard, Beach, ME." (Response at 3.) This is essentially the same argument that Plaintiff previously asserted, and the Court rejected.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Plaintiff has provided no information to support the conclusion that her efforts to date have provided or even likely provided Defendant Tarr with actual notice that she is a party to this action. The Court, therefore, reiterates its prior decision and denies Plaintiff's request to deem her efforts to serve Defendant Tarr sufficient to constitute service.

Although Plaintiff has failed to show cause as to why she has not served Defendant Tarr, the Court will allow Plaintiff another opportunity to serve Defendant Tarr. If Plaintiff

fails to file proof of service upon Defendant Tarr by April 24, 2026, absent good cause, the Court could dismiss Defendant Tarr as a party to this action.[1]

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of February, 2026.

---

[1] Plaintiff's filings generate another issue that warrants comment. Invoking this Court's diversity jurisdiction, Plaintiff filed the complaint on December 27, 2024. In her subsequent filings, Plaintiff asserts that on March 23, 2025, service was attempted but unexecuted upon Defendant Tarr at 4 White Pine Avenue, Apt. A, Old Orchard, Beach, Maine. Plaintiff's counsel subsequently asked a private investigator for more information and was provided a Massachusetts address (2 Goddard Drive, Nahant, Massachusetts 01908) for Defendant Tarr. Plaintiff's filings do not describe whether the information obtained from the private investigator reflected when Defendant Tarr is believed to have resided at the Massachusetts address. For the Court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). The "complete diversity" requirement "means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 53–54 (1st Cir. 2009). A person's domicile for diversity purposes is determined as of the time suit is filed. *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1991). Because "[a] court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte," *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011), and because complete diversity would not exist if Defendant Tarr was domiciled in Massachusetts when Plaintiff commenced this action, if Defendant Tarr is served, the Court will likely make inquiry regarding Defendant Tarr's domicile at the time the case was filed.